# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
EUGENIA WEBB, AS ADMINSTRATOR  \*
AND LEGAL REPRESENTATIVE OF    \*
THE ESTATE OF EVA M. KINKAID,  \*      No. 14-893V
DECEASED,                      \*      Special Master Christian J. Moran
        Petitioner, \*
                     \*      Filed: July 21, 2015
v.                             \*
                     \*      Stipulation; influenza ("flu") vaccine;
SECRETARY OF HEALTH            \*      transverse myelitis ("TM"); death.
AND HUMAN SERVICES,            \*
                     \*
        Respondent. \*
* * * * * * * * * * * * * * * * * * * * * * * *

Ramon Rodriguez, III, Rawls, McNelis & Mitchell, Richmond, VA, for Petitioner;
Justine Walters, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On July 17, 2015, respondent filed a joint stipulation concerning the petition for compensation filed by Eugenia Webb, as Administrator and Legal Representative of the Estate of Eva M. Kinkaid on September 23, 2014.[2] The petition seeks compensation for injuries and death related to Ms. Kinkaid's receipt of an influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which Ms. Kinkaid received on November 3, 2011, caused Ms. Kinkaid to suffer from transverse myelitis ("TM"). Petitioner further alleges that Ms. Kinkaid's death was the sequela of her alleged vaccine-related injury. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. Kinkaid as a result of her alleged condition or her death.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the party has 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] Ms. Kinkaid passed away on October 17, 2014. Upon Ms. Kinkaid's death, Eugenia Webb was substituted as petitioner, as administrator and legal representative of Ms. Kinkaid's estate.

Respondent denies that the influenza immunization caused Ms. Kindaid's TM, any other injury, or her death.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $115,000.00 in the form of a check payable to petitioner, Eugenia Webb, as Administrator and Legal Representative of the Estate of Eva M. Kinkaid. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 14-893V according to this decision and the attached stipulation.[3]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

EUGENIA WEBB, as Administrator and )
Legal Representative of the Estate of )
EVA M. KINKAID, Deceased, )
              )
    Petitioner, )
              )  No. 14-893V
v. )  Special Master Moran
              )  ECF
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
              )
    Respondent. )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Eva M. Kinkaid ("Ms. Kinkaid") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). Upon Ms. Kinkaid's death, Eugenia Webb was substituted as petitioner, as administrator and legal representative of Ms. Kinkaid's estate. The petition seeks compensation for injuries allegedly related to Ms. Kinkaid's receipt of an influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Ms. Kinkaid received her influenza immunization on November 3, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Ms. Kinkaid suffered from transverse myelitis ("TM") as a result of receiving the influenza vaccine. Ms. Kinkaid passed away on October 17, 2014. Petitioner further alleges that Ms. Kinkaid's death was the sequela of her alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. Kinkaid as a result of her alleged condition or her death.

6. Respondent denies that the influenza immunization caused Ms. Kinkaid's TM, any other injury, or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue a lump sum payment of $115,000.00 in the form of a check payable to petitioner as administrator and legal representative of the Estate of Eva M. Kinkaid. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Eva M. Kinkaid under the laws of the State of Illinois. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of Eva M. Kinkaid. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Eva M. Kinkaid at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Eva M. Kinkaid upon submission of written documentation of such appointment to the Secretary.

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and as legal representative of the Estate of Eva M. Kinkaid, on behalf of Ms. Kinkaid's estate and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries

to or death of Ms. Kinkaid resulting from, or alleged to have resulted from, the influenza vaccination administered on November 3, 2011, as alleged in a petition for vaccine compensation filed on or about September 23, 2014, in the United States Court of Federal Claims as petition No. 14-893V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused Ms. Kinkaid's TM, any other injury, or her death.

17. All rights and obligations of petitioner in her capacity as legal representative of the Estate of Eva M. Kinkaid shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

PETITIONER:

*Eugenia Webb*
EUGENIA WEBB

ATTORNEY OF RECORD FOR PETITIONER:

RAMON RODRIGUEZ, III, M.D., ESQ.
Rawls, McNelis & Mitchell
211 Rocketts Way
Suite 100
Richmond, Virginia 23231
(804) 782-0608

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

JUSTINE WALTERS
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-6393

Dated: July 17, 2015

- 5 -